IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | | |
|---|---|---|
| **TRUSTEES OF THE 4TH DISTRICT IBEW HEALTH AND WELFARE FUND** | * | **CASE NO.** 3:19-cv-00848 |
| **3150 U.S. ROUTE 60** | * | |
| **ONA, WV 25545** | | **JUDGE:** |
| | * | |
| **Plaintiff,** | | |
| | * | |
| v. | | |
| | * | **COMPLAINT** |
| **TYGART ELECTRIC LLC** | | |
| **135 MURPHY HILL DRIVE** | * | |
| **GRAFTON, WV 26354** | | |
| | * | |
| **Defendant.** | | |
| | * | |

## JURISDICTION AND VENUE

1.  This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et. seq.* Jurisdiction over suits against an employer for failing to make contributions to employee benefit funds as required is conferred upon this Court by ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145. This action also arises under the Labor Management Relations Act of 1947 (LMRA) § 301(a), 29 U.S.C. § 185(a), granting jurisdiction to this Court over suits for violations of a collective bargaining agreement between an employer and labor organization.

2.  Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the cause of action described herein occurred within the jurisdiction of the U.S. District Court for the Southern District of West Virginia.

## PARTIES

3.  Plaintiffs Trustees of the 4th District IBEW Health and Welfare Fund ("Fund") are the Trustees of a multi-employer benefit plan and employee welfare benefit plan within the meaning of

ERISA §3(1), (3), 29 U.S.C. §1002(1), (3). Plaintiffs receive certain fringe benefit contributions from signatory employers for the purpose of providing fringe benefits to covered employees ("Participants").  Plaintiffs' principal place of business is located at 3150 U.S. Route 60, Ona, West Virginia 22545.

4. Defendant, Tygart Electric LLC ("Tygart"), is a West Virginia limited liability company that performs work in the state of West Virginia, with its principal place of business located at 135 Murphy Hill Drive, Grafton, WV 26354. At all material times, Defendant has been an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant is engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## BACKGROUND

5. Tygart is a contractor in the electrical industry and is signatory to collective bargaining agreements with multiple local unions of the International Brotherhood of Electrical Workers ("IBEW").

6. On or about May 7, 2018, Tygart, acting through its President, executed a Letter of Assent, designating NECA as its representative for collective bargaining with IBEW Local Union 596 with respect to all current and future 4th District Central Regional Agreements. (Exhibit A-1).

7. On or about January 1, 2018, NECA and IBEW Local Union 596 entered into a Central Regional Agreement. (Exhibit A-1). The Central Regional Agreement requires fringe benefit contributions in accordance with the respective local union inside labor agreements. (Exhibit A-2, p.22 / CBA p. 19).

8. The aforementioned Letter of Assent and Agreement shall hereinafter be referred to collectively as "the CBA".

### STATEMENT OF CLAIM

#### COUNT I
(ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)

9. Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

10. At all times relevant herein, Tygart was a party to and agreed to abide by the terms of the CBA. (Ex. A-1 and A-2).

11. The CBA incorporates the Fund's Trust Agreement. (Exhibit B). The Trust Agreement, at Article III, grants authority to Plaintiffs, as Trustees of the Fund, to create a Collection Policy. (Exhibit C).

12. The Collection Policy requires Tygart to make all monthly reports and contributions before the 15th day of the month following the month in which work was performed. In the event contributions are not made by the 15th day of the month, they are considered delinquent and are subject to liquidated damages and interest charges. (Ex. C at p.2).

13. For the months of May 2018 through September 2019, Tygart has failed to submit all required reports and/or monthly contributions to the Fund. As a result, Tygart is liable for the delinquent contributions through March 2019 of not less than $7,188.48. In addition, Tygart has not reported covered hours worked, nor made contributions, for the months of April through September 2019.

14. Under the terms of the CBA and ERISA § 502(g), 29 U.S.C. § 1132(g), the amounts owed for contributions are immediately due, as well as interest and liquidated damages on said contributions.

15. Tygart's failure to forward contributions, interest, liquidated damages and other amounts due and owing violates ERISA § 515, 29 U.S.C. § 1145, and Plaintiffs seek to remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

16. At present, because Tygart has failed to submit all of the required monthly reports, Plaintiffs cannot determine the exact amounts owed for contributions, liquidated damages, and interest. Plaintiffs seek an audit of Tygart's records, or in the alternative, an Order requiring Tygart to submit the required reports, to allow Plaintiffs to determine the amounts owed.

**COUNT II**
(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
(Failure to Pay Contributions)

17. Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

18. At all times relevant herein, Tygart was a party to and agreed to abide by the terms of the CBA. (Ex. A-1 and A-2).

19. The CBA incorporate the Fund's Trust Agreement. (Exhibit B). The Trust Agreement, at Article III, grants authority to Plaintiffs, as Trustees of the Fund, to create a Collection Policy. (Exhibit C).

20. The Collection Policy requires Tygart to make all monthly reports and contributions before the 15th day of the month following the month in which work was performed. In the event contributions are not made by the 15th day of the month, they are considered delinquent and are subject to liquidated damages and interest charges. (Ex. C at p.2).

21. For the months of May 2018 through September 2019, Tygart has failed to submit all required reports and/or monthly contributions to the Fund. As a result, Tygart is liable for the delinquent contributions through March 2019 of not less than $7,188.48. In addition, Tygart has not reported covered hours worked, nor made contributions, for the months of April through September 2019.

22. Tygart's failure to forward contributions, interest, liquidated damages and other amounts that are due and owing is a breach of the CBA, and Plaintiffs seek to remedy that breach pursuant to LMRA § 301, 29 U.S.C. § 185.

23. At present, because Tygart has failed to submit all of the required monthly reports, Plaintiffs cannot determine the exact amounts owed for contributions, liquidated damages, and interest. Plaintiffs seek an audit of Tygart's records, or in the alternative, an Order requiring Tygart to submit the required reports, to allow Plaintiffs to determine the amounts owed.

**COUNT III**
(ERISA Section 515 – Failure to Pay Liquidated Damages and Interest)

24. Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

25. At all times relevant herein, Tygart was a party to and agreed to abide by the terms of the CBA. (Ex. A-1 and A-2).

26. The CBA incorporates the Fund's Trust Agreement. (Exhibit B). The Trust Agreement, at Article III, grants authority to Plaintiffs, as Trustees of the Fund, to create a Collection Policy. (Exhibit C).

27. The Collection Policy requires Tygart to make all monthly reports and contributions before the 15th day of the month following the month in which work was performed. In the event contributions are not made by the 15th day of the month, they are considered delinquent and are subject to liquidated damages and interest charges. (Ex. C at p.2)

28. The Fund assesses liquidated damages and interest for delinquent payments because failure to timely remit contributions jeopardizes the financial stability of the Fund and increases the administrative expense of the Fund.

29. The Collection Policy requires interest to be assessed at the rate of 1% from the first day of the month following the month the contributions were due. Liquidated damages are assessed at the rate of 10% for the first delinquent payment in a twelve (12) month period, 15% for the second delinquent payment in a twelve (12) month period and 20% for the third and all subsequent delinquent payments in a twelve (12) month period. (Ex. C at p.2)

30. For the months of May 2018 through August 2019, Tygart failed to timely pay contributions to the Fund. As a result, Tygart is liable for liquidated damages for the delinquent contributions during those months. The amount of liquidated damages due cannot be calculated until the amount of all required contributions is known.

31. For the months of May 2018 through September 2019, Tygart failed to timely pay contributions to the Fund. As a result, Tygart is liable for interest on the delinquent contributions during those months. The amount of interest due cannot be calculated until the amount of all required contributions is known.

32. Despite repeated demand to do so, Tygart has failed and otherwise neglected to make payment to the Fund.

33. Defendant's actions violation ERISA §515, 29 U.S.C. § 1145 and Plaintiffs seek to remedy that violation pursuant to ERISA §502(a)(3), 29 U.S.C. § 1132(a)(3).

**COUNT IV**
(LMRA Section 301 – Breach of Contract)
(Failure to Pay Liquidated Damages and Interest)

34. Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

35. At all times relevant herein, Tygart was a party to and agreed to abide by the terms of the CBA. (Ex. A-1 and A-2).

36. The CBA incorporate the Fund's Trust Agreement. (Exhibit B). The Trust Agreement, at Article III, grants authority to Plaintiffs, as Trustees of the Fund, to create a Collection Policy. (Exhibit C).

37. The Collection Policy requires Tygart to make all monthly reports and contributions before the 15th day of the month following the month in which work was performed. In the event contributions are not made by the 15th day of the month, they are considered delinquent and are subject to liquidated damages and interest charges. (Ex. C at 1.)

38. The Fund assesses liquidated damages and interest for delinquent payments because failure to timely remit contributions jeopardizes the financial stability of the Fund and increases the administrative expense of the Fund.

39. The Collection Policy requires interest to be assessed at the rate of 1% from the first day of the month following the month the contributions were due. Liquidated damages are assessed at the rate of 10% for the first delinquent payment in a twelve (12) month period, 15% for the second delinquent payment in a twelve (12) month period and 20% for the third and all subsequent delinquent payments in a twelve (12) month period. (Ex. C at p.2)

40. For the months of May 2018 through August 2019, Tygart failed to timely pay contributions to the Fund. As a result, Tygart is liable for liquidated damages for the delinquent contributions during those months. The amount of liquidated damages due cannot be calculated until the amount of all required contributions is known.

41. For the months of May 2018 through September 2019, Tygart failed to timely pay contributions to the Fund. As a result, Tygart is liable for interest on the delinquent contributions during those months. The amount of interest due cannot be calculated until the amount of all required contributions is known.

42. Despite repeated demand to do so, Tygart has failed and otherwise neglected to make payment to the Fund.

43. Defendant's actions are in violation of the CBA and the Repayment Agreement and Plaintiffs seek to remedy that violation pursuant to LMRA §301, 29 U.S.C. § 185.

## COUNT V
**Order Compelling Payroll Audit**
**ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E)**

44. Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

45. As a signatory contractor to the CBA, Tygart is obligated to submit hours worked reports and remit contributions to Plaintiffs based upon the number of hours worked by covered employees. (Ex. B and C).

46. The Trust Agreement is incorporated by reference in the CBA. (Ex. A-2). The Trust Agreement requires that employers remit contributions in accordance with the terms of the applicable CBA. (Ex. B).

47. Pursuant to the authority granted in the Trust Agreement, the Plaintiffs, as Trustees of the Fund, adopted a Collection Policy. The Collection Policy provides that Plaintiffs may require Defendant to submit to payroll audit. (Ex. C, p.1).

48. Plaintiffs have no way of verifying, absent an audit, the number of hours worked and wages paid to Tygart's employees from May 2018 to the present. Therefore, Plaintiffs have no way of ascertaining the precise amount owed in delinquent contributions, late fees, and interest for work performed during that time period.

49. In accordance with the terms of the CBA and Trust Agreement, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

50. A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by 29 U.S.C. § 1132(h).

**WHEREFORE,** Plaintiffs demands the following relief:

A. An Order requiring Defendant to immediately submit to, and fully comply with, a payroll audit of its books and records from May 2018 to the present;

B. Judgment on behalf of Plaintiffs against Defendant for all unpaid fringe benefit contributions, as set forth above and as further determined from Defendant's monthly reports, or by a payroll audit;

C. Judgment on behalf of Plaintiffs against Defendant for delinquent and unpaid fringe benefit contributions owed by Defendant to Plaintiff that may accrue while this action is pending;

D. Judgment on behalf of Plaintiffs against Defendant for liquidated damages and interest for late and/or unpaid contributions, and for future liquidated damages and interest for late and/or unpaid contributions that may accrue while this action is pending, as provided under ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(A);

E. Judgment against the Defendant for audit expenses, in accordance with the terms of the Collection Policy;

F. An award of reasonable attorney fees incurred in connection with this action as provided for by the terms of the agreements and ERISA § 502(g), 29 U.S.C.§ 1132 (g)(2)(D);

G. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

H.

        **TRUSTEES OF THE 4TH DISTRICT IBEW HEALTH FUND**
        By Counsel,

s/ John F. Dascoli, I.D. #6303
**JOHN F. DASCOLI, PLLC**
2442 Kanawha Boulevard, East
Charleston, West Virginia 25311
(304) 720-8684 Phone
(304) 342-3651 Fax
johnfdascoli@hotmail.com